FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAMGIR AKOND, | No. 08-73108 |
| Petitioner, | Agency No. A070-804-483 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Alamgir Akond, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of motions to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Akond's contention that the BIA should have tolled the time limitation on his motion to reopen because the BIA failed to address his prior motion to reopen filed in 2002. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

The BIA did not abuse its discretion in denying Akond's motion to reopen as untimely because the motion was filed more than five years after the BIA's order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order), and Akond failed to establish he acted with the due diligence required for equitable tolling of that deadline, *see Iturribarria*, 321 F.3d at 897 (a petitioner may obtain equitable tolling based on ineffective assistance of counsel as long as "the petitioner acts with due diligence in discovering the deception, fraud, or error"). Moreover, the BIA did not abuse its discretion in finding that Akond failed to present material evidence of changed circumstances in Bangladesh to qualify for the regulatory exception to the time limit for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)

(requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**